# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles F. Wachendorfer Consulting Group LLC D/B/A Decision Reflex Consulting and Charles "Chuck" Wachendorfer, ) ) ) ) ) | Civil No. 25-1298 |
| Plaintiffs, ) ) | **COMPLAINT** |
| v. ) ) | **JURY TRIAL DEMANDED** |
| Think2Perform Exam Services Co. F/K/A THINK2PERFORM, Inc. and Doug Lennick, ) ) ) ) ) | |
| Defendants. | |

Plaintiff Charles F. Wachendorfer Consulting Group LLC D/B/A Decision Reflex Consulting ("Decision Reflex Consulting") and Charles "Chuck" Wachendorfer (collectively, "Plaintiffs"), by and through their attorneys, TM Sullivan PLLC and StudioIP Law, LLC, for their Complaint against Defendants Think2Perform Exam Services Co. F/K/A THINK2PERFORM, Inc. ("Think2Perform") and Doug Lennick (collectively, "Defendants"), allege, on knowledge as to its own actions and otherwise upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil action in which Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiffs are not infringing any valid copyright

owned by Defendants and other necessary and proper relief, enjoining Defendants from acting in such a manner as to impede Plaintiffs' ability to speak on well-known leadership and business principles developed by third-parties and referenced in the parties' joint work entitled *Don't Wait for Someone Else to Fix it: 8 Essentials to Enhance Your Leadership Impact at Work, Home, and Anywhere Else That Needs You* (the "Book") to which the Defendants have no valid copyright infringement claim.

2.     Plaintiffs also seek damages because Defendants have tortiously interfered and continue to interfere with Plaintiffs' business relations by falsely claiming to third parties that Plaintiffs have infringed Defendants' copyrighted work.

3.     Plaintiffs further seek a declaration that Defendant Think2Perform's copyright registration (U.S. Registration No. TX0009386834) (hereinafter, the "Copyrighted Work") is limited to the material included in the deposit submitted to the Copyright Office.

4.     Further, Plaintiffs seek a declaration that Defendant Think2Perform's claimed Copyrighted Works include unprotectable ideas, unprotectable facts, unprotectable concepts, unprotectable methods of operation, and/or unprotectable short phrases or slogans that are in the public domain.

5.     Finally, Plaintiffs seek damages Pursuant to 17 U.S.C. § 512(f) because Defendants knowingly and materially misrepresented to a third-party platform that a video of Plaintiffs' TEDx Talk infringed Defendants' Copyrighted Work and requested that it be removed under the Digital Millennium Copyright Act ("DMCA").

## II. JURISDICTION

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction under the Copyright Act of 1976); 17 U.S.C. § 101 *et seq.* (Article I, § 8, cl. 8 of the U.S. Constitution); and 28 U.S.C. § 1338 (exclusive original jurisdiction over claims arising under the Copyright Act), because the claims Defendants have threatened to assert against Plaintiffs include claims for copyright infringement. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.

7.    This Court has personal jurisdiction over Defendants because Defendant Think2Perform is registered with the Minnesota Secretary of State to do business in Minnesota and Defendant Doug Lennick is domiciled in Minnesota.

8.    This Court also has personal jurisdiction over Defendants because Defendants systematically conduct their business operations and have purposefully availed themselves of the privileges of conducting business in the State of Minnesota, by offering their consulting services to the citizens and persons of the State of Minnesota.

## III. VENUE

9.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this action occurred in this District.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this District with respect to this action.

## IV. PARTIES

12.    Plaintiff Decision Reflex Consulting is a limited liability company formed under the laws of Colorado with its principal place of business located at 1850 South Quebec Way, Unit 627, Denver, Colorado 80231.

13.    Decision Reflex Consulting specializes in leadership development, business operations consulting, and growth acceleration strategies for businesses and executives and offers coaching programs, training workshops, and strategic consulting services to help clients enhance leadership skills and improve business performance.

14.    Plaintiff Charles "Chuck" Wachendorfer (hereinafter, "Wachendorfer") is an individual residing in Denver, Colorado. Wachendorfer is an internationally recognized speaker on the topics of leadership and business development, executive coach, and the owner of Decision Reflex Consulting.

15.    Upon information and belief, Defendant Think2Perform is a corporation formed under the laws of Minnesota with its principal place of business located at 706 Second Avenue South, Suite 271, Minneapolis, Minnesota 55402. Think2Perform offers coaching, consulting, and business development services.

16.    Defendant Doug Lennick (hereinafter, "Lennick") is an individual residing in Edina, Minnesota. Lennick is the owner of Think2Perform.

## V. FACTUAL BACKGROUND

### A. History of the Parties

17.    Wachendorfer is an expert in the areas of leadership and business development. Prior to opening Decision Reflex Consulting, Wachendorfer spent 17 years

4

at American Express Advisors/Ameriprise Financial as a successful senior leader, setting performance records and leading thousands of personnel across five states.

18.     Due to his expertise, Wachendorfer has been quoted by numerous major publications, including Investor's Business Daily, Forbes, Fortune, CNN Money, Dallas Morning News, Milwaukee Morning News, and Detroit Free Press.

19.     On June 4, 2004, Wachendorfer began his professional relationship with Defendant as an employee of Lennick Aberman Group, LLC ("LAG"). In 2013, LAG became Think2Perform.

20.     While Wachendorfer was employed at LAG, Wachendorfer signed the LAG Intellectual Property Agreement, which assigned Wachendorfer's interest in materials created for LAG to LAG and included a license back to Wachendorfer to use any such materials for his personal benefit. *See* **Exhibit C**.

21.     For a period of seven years, from March 20, 2013, to March 29, 2024, Wachendorfer was an employee and member of the Board of Directors of Think2Perform, and was the second largest shareholder at the company.

22.     On or around December 17, 2024, Wachendorfer resigned from the board at Think2Perform and gave his notice of resignation as an employee on January 8, 2025.

23.     Three months later, on April 1, 2024, Wachendorfer founded Decision Reflex Consulting, a consulting firm focused on leadership and business development. Decision Reflex Consulting helps business owners achieve peak performance and efficiency in different industries, including financial services, real estate, technology, and

healthcare. Decision Reflex Consulting specializes in leadership development, team cohesion, and growth strategies.

24.    Decision Reflex initially attempted to license written material content from Think2Perform but negotiations were unsuccessful and Wachendorfer decided to create new materials for Decision Reflex.

25.    Lennick and Think2perform sent cease and desist letters to Wachendorfer threatening claims of copyright infringement and Wachendorfer has responded that he is not infringing any valid copyrights owned by Think2perform or Lennick.

**B. Book Co-Authored by Wachendorfer and Lennick**

26.    On August 11, 2022, Wachendorfer and Lennick, in their individual capacities, entered into an agreement (the "Publishing Agreement") with publisher John Wiley & Sons ("Publisher") to author and publish the Book, *Don't Wait for Someone Else to Fix It: 8 Essentials to Enhance Your Leadership Impact at Work, Home, and Anywhere Else That Needs You*. *See* **Exhibit A.**

27.    The Book references certain well-known leadership and business principles formed by third parties, including the following: "MCU Leadership Alignment Document," "The Alignment Model," "What Do You Want for Yourself ("WDYWDY")," "Goal Achievement Process," "The Experiential Triangle," "The Triangles of Influence," "Three Bucket Theory," "Goal Achievement Triangle," and "Transformational Growth Series Program."

28.    Wachendorfer and Lennick personally funded all expenses related to the Book, including payments for public relations campaigns, payments to the PR firm, and

payments to the ghostwriter who assisted in writing the Book. These payments were made directly from Wachendorfer and Lennick's own personal funds and not from a Think2Perform account or resources. *See* **Exhibit J (Declaration of Charles Wachendorfer).**

29.    Wachendorfer personally expended at least $107,000 in connection with writing and launching the Book. *Id.*

30.    Wachendorfer obtained a separate Employer Identification Number (EIN) for Book-related financial matters. *Id.*

31.    Wachendorfer reported all income and expenses associated with writing, developing and creating content for the Book on a separate Schedule C of his personal tax returns for the years 2020, 2021, 2022, and 2023, thereby treating it as an independent property. *Id.*

32.    Meetings regarding the Book were deliberately scheduled outside of normal work hours, including Wednesdays and Fridays, between the hours of 6:00 AM and 8:00 AM Mountain Time to ensure that the meetings did not interfere with Wachendorfer or Lennick's employment responsibilities at Think2Perform. *Id.*

33.    Wachendorfer and Lennick signed over full ownership of the Book's copyright to the Publisher in the Publishing Agreement. *See* **Exhibit A.**

34.    Paragraph 1(a) of the Publishing Agreement states:

> The Authors assign to the Publisher during the full term of copyright and all extensions thereof the entire copyright in the Work, which is defined to include any supplementary materials (as specified in the attached Schedule, defined below in 2(a)), updates, revised editions and any derivative works based on it,

7

including but not limited to the right, by itself or with others, throughout the world, to print, store, copy, publish, republish, adapt, distribute and transmit the Work in English and in other languages, in all media of expression now known or later developed, and to license or permit others to do so.

35.    Regarding use of content from the book, Paragraph 3(b) of the Publishing Agreement states:

The Authors acknowledge that, in addition to providing the marketing materials specified in the Schedule, content from the Work may be used for marketing purposes.

36.    Regarding enforcement of the Book's copyright, Paragraph 13 of the Publishing Agreement states:

If the copyright in the Work or in any derivative work is infringed, the Publisher will have the right but not the obligation, to pursue a claim for infringement in such manner as it deems appropriate.  Upon request, the Authors shall provide reasonable assistance to the Publisher in connection with the Publisher's pursuit of such claims.

37.    Upon information and belief, Publisher has not filed a copyright application with the United States Copyright Office for the Book or sought to enforce the copyright of the Book against any party.

38.    Upon information and belief, numerous third parties, including past and current Think2Perform board members and employees, have and currently are using the material included in Paragraph 50 in connection with their individual business without a license from Think2Perform, namely, Judy Skoglund at J. Skoglund Consulting, Dave Meldahl at Meldahl Leadership Development, and Rick Aberman at Psychodynamics of High Performance.

**C. Defendants' Assertions of Copyright Ownership and Infringement**

39.    On or about October 21, 2024, Think2Perform sent a cease-and-desist letter to Plaintiffs, alleging, among other things, copyright infringement based on Plaintiffs' alleged use of "Think2Perform's intellectual property, including Think2Perform's copyrighted work" which included "underlying material in the Book."  Think2Perfrom did not provide any copyright registration number or mention the specific work being used by Plaintiffs, but instead, only stated Think2Perform is the "owner of the copyrights in the think2perform program material" and that Plaintiffs work "includes think2perform's intellectual property . . . in connection with Decision Reflex's materials." *See* **Exhibit D.**

40.    On March 7, 2025, following the DMCA Notification, Think2Perform sent a letter to Wachendorfer stating Think2Perfrom holds a copyright on "all leadership and/or business models, and content contained within, including but not limited to the following: . . . WDYWFY/ Goal Achievement Process." *See* **Exhibit H.**

41.    Upon information and belief, Think2Perform submitted an application to the United States Copyright Office for copyright registration of the work entitled "Leadership Program" and identified itself as the copyright claimant and author.

42.    On March 4, 2024, the Copyrighted Work, titled "Leadership Program," was registered with the U.S. Copyright Office (Reg. No. TX0009386834).  *See* **Exhibit B,** which depicts a screenshot of Think2Perform's "Our Solutions" website page.

43.    Wachendorfer does not copy or reproduce the Copyrighted Work.

44.    Decision Reflex does not copy or reproduce the Copyrighted Work.

45.     Defendants maintain "think2perform is the owner of the copyrights in the think2perform program material, this includes the underlying copyrighted material in the book." *See* **Exhibit D**.

46.     However, as stated Wachendorfer and Lennick co-authored the content of the Book and assigned the copyright ownership of the Book to the Publisher.

47.     Upon information and belief, Think2Perform's asserted copyright ownership as represented in their cease and desist letters comprise of elements that are unoriginal or otherwise unprotectable, because such elements are unprotectable ideas, unprotectable facts, unprotectable concepts, unprotectable methods of operation, and/or unprotectable short phrases or slogans that are in the public domain, none of which are included in the Copyrighted Work.

48.     Defendants' assert in their cease-and-desist letter that Think2Perform owns "all leadership and/or business models, and content contained within" their leadership program. Specifically, Think2Perform "is the rightful owner of the program material, including the WDYWFY five step goal achievement model" which includes the "acid test." *See* **Exhibit C.**

49.     The "acid test" is not a protected copyright owned by Doug Lennick or Think2Perform and was not created by Doug Lennick or Think2Perform. It is a concept or idea, and any commentary by Wachendorfer on this idea does not rise to copyright infringement.

50.     Upon information and belief, Think2Perform maintains they own a copyright individually on each of the following materials: "MCU Leadership Alignment Document,

The Alignment Model, What Do You Want for Yourself ("WDYWDY"), Goal Achievement Process, The Experiential Triangle, The Triangles of Influence, Three Bucket Theory, Goal Achievement Triangle, Transformational Growth Series program." *See* **Exhibit I.**

51.    Upon information and belief, Think2Perform does not individually possess a copyright on any of the material as set forth in Paragraph 50.

52.    The WDYWFY model has existed since the 1960s, and Lennick admits he is not the author. *See* **Exhibit G**. Moreover, the WDYWFY program and the "acid test" are non-copyrightable because they are part of the public domain and are nomenclature, concepts, and methods in the field of business and leadership consulting.

53.    Any commentary on WDYWFY or the "acid test" which are pre-existing ideas and methods of coaching by Wachendorfer or Decision Reflex does not rise to copyright infringement.

54.    Think2Perform's alleges it owns a copyright on the "Triangles of Influence." The Triangles of Influence was not created by Think2Perform. Rather, the "Triangles of Influence" are simply a renamed version of the Cognitive Behavioral Therapy (CBT) treatment developed in the 1960s by Aaron T. Beck, MD.

55.    Think2Perform's alleged copyright on "The Experimental Triangle" was not created by the Defendant. Again, "The Experimental Triangle" is simply a renamed version of the Cognitive Behavioral Therapy (CBT) treatment developed in the 1960s by Aaron T. Beck, MD.

56.     Think2Perform's alleged copyright on "Three Bucket Theory" which consists of "things you can control, things you can influence, and things you can neither control nor influence" was not created by the defendant. The "Three Bucket Theory" exists in the public domain nearly and is nomenclature in the realm of business leadership.

57.     Upon information and belief, numerous third parties, including past and current Think2Perform board members and employees, namely, Judy Skoglund at J. Skoglund Consulting, Dave Meldahl at Meldahl Leadership Development, and Rick Aberman at Psychodynamics of High Performance have and currently are using the material included in the LAG Intellectual Property Agreement, and the material set forth in Paragraph 50, in connection with their individual business without a license from Think2Perform.

58.     Any discussion of the MCU Leadership Alignment Document, The Alignment Model, What Do You Want for Yourself ("WDYWDY"), Goal Achievement Process, The Experiential Triangle, The Triangles of Influence, Three Bucket Theory, Goal Achievement Triangle, Transformational Growth Series program and use of these methods in business coaching by Wachendorfer or Decision Reflex does not constitute infringement of a valid copyright.

59.     Defendants are not the lawful owners of copyrights for the MCU Leadership Alignment Document, The Alignment Model, What Do You Want for Yourself ("WDYWDY"), Goal Achievement Process, The Experiential Triangle, The Triangles of Influence, Three Bucket Theory, Goal Achievement Triangle, Transformational Growth

Series program and Defendant has no standing to assert copyright infringement against Decision Reflex or Wachendorfer.

**D. Defendants' Unlawful Request for Removal of Plaintiffs' TEDx Talk.**

60.    On or about October 21, 2024, Think2Perform sent a cease-and-desist letter to Plaintiffs, alleging, among other things, copyright infringement based on Plaintiffs' alleged use of "Think2Perform's intellectual property, including Think2Perform's copyrighted work" which included "underlying material in the Book." *See* **Exhibit D**.

61.     On or about November 2, 2024, Wachendorfer recorded a TEDx talk at Greenhouse Road in Houston, Texas, titled, "How to Set Goals You'll Actually Accomplish" ("Wachendorfer's TEDx Talk") discussing general leadership principles, which can be found at https://www.youtube.com/watch?v=TKVAGxoU2AM.

62.    In Wachendorfer's TEDx Talk, Wachendorfer discussed his experience applying the "acid test" to his goal of running a marathon.

63.    On or about February 2, 2025, TEDx released the video of Wachendorfer's TEDx Talk on its website and on its YouTube channel.

64.    On or about February 11, 2025, Defendants sent an email to TEDx requesting the removal of Wachendorfer's TEDx Talk, along with a formal notice under the Digital Millennium Copyright Act ("DMCA Notification"). *See* **Exhibit E**.

65.    In the DMCA Notification, Defendants stated that: "The work being infringed is Think2Perform's proprietary model, What Do You Want For Yourself (W.D.Y.W.F.Y.) a five-step goal achievement process. Step 2 of the goal achievement process is to put the goal to the acid test – two affordability questions to confirm whether

one can afford the sacrifice for the goal – owned by Think2Perform and registered under U.S. Copyright Registration No. TX0009386834 for 'Leadership Program' before the U.S. Copyright Office effective date October 11, 2022."

66.    As a result of Defendants' submission of the DMCA Notification, TEDx removed Wachendorfer's TEDx Talk from its platform and its account on YouTube. Wachendorfer's TEDx Talk amassed approximately 31,000 views from the day it was posted, February 7, 2025, until the day it was removed, February 11, 2025, only a five-day period.

67.    Accordingly, Defendants violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting that the content contained in Wachendorfer's TEDx Talk infringed upon Defendants' Copyrighted Work.

68.    In *Lenz v. Universal Music Corp*., 801 F.3d 1126 (9th Cir. 2015), the Ninth Circuit made clear that to proceed with a takedown request in good faith, a copyright owner must evaluate whether the material makes fair use of the copyright.

69.    If a copyright holder ignores or neglects the unequivocal holding [in *Lenz*] that it must consider fair use before sending a takedown notification, they are liable for damages under § 512(f). *Id.* at 1134.

70.    Simply paying "lip service" to the consideration of fair use by claiming the copyright holder formed a good faith belief when there is evidence to the contrary is subject to § 512(f) liability. *Id.* at 1135.

71.    Upon information and belief, Defendants' counsel did not review Wachendorfer's TEDx Talk video prior to signing the DMCA Notification. *See* **Exhibit E**.

72.     Upon submitting the DMCA Notification, Defendants' counsel signed, under penalty of perjury, "I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." *Id.*

73.     The DMCA Notification ultimately resulted in the removal of the Wachendorfer's TEDx Talk.

74.     Upon learning of the removal, Plaintiffs Wachendorfer, through counsel, responded to TEDx by submitting a DMCA compliant counter-notice in accordance with 17 U.S.C. § 512(g)(2). *See* **Exhibit F.**

75.     On February 21, 2025, Plaintiff Wachendorfer sent a letter to Defendants requesting that Defendants instruct TEDx to reinstate the video and state that Wachendorfer's TEDx Talk does not infringe any alleged copyright held by Defendants. *See* **Exhibit G.**

76.     On March 7, 2025, Defendants sent a responsive letter to Plaintiffs maintaining that Wachendorfer's TEDx Talk infringed on Defendants' Copyrighted Work. *See* **Exhibit H**.

77.     On March 7, 2025, Plaintiffs' send an email in response to Defendants letter urging council to review Wachendorfer's TEDx Talk, and maintaining the "acid test" is not part of the Copyrighted Work asserted and that the TEDx Talk would not be amended.

78.     On March 9, 2025, Defendants responded to Plaintiffs' email stating Defendants have reviewed Plaintiff's TEDx Talk.

79.    On March 10, 2025, Defendants informed Plaintiffs that they have requested TEDx to reinstate Wachendorfer's TEDx Talk and requested that Plaintiffs remove mention of the term "acid test", because the "acid test" is Defendants' coined term.

80.    Wachendorfer's TEDx Talk was reinstated on TEDx without revision.

81.    Moreover, Wachendorfer possesses a license from Defendant Think2Perform to use any and all work that Wachendorfer created, developed, or contributed to during his employment with LAG and its successor, Think2Perform, pursuant to the LAG Intellectual Property Agreement. *See* **Exhibit C**. The LAG Intellectual Property Agreement was also attached to Defendants' March 7 letter to Wachendorfer. *See* **Exhibit H**.

82.    Clause 4 of the LAG Intellectual Property Agreement states:

> "Assignor (Wachendorfer) shall reserve and the Corporation grants the Assignor a royalty-free, non-assignable license to use the LAG Property in unadulterated form for the Assignor's personal benefit upon termination of Assignor's relationship with the Corporation."

83.    Defendants' repeated issuance of cease-and-desist letters and ongoing interference with Wachendorfer's business relationships constitute intentional and unjustified disruptions, impeding his ability to operate his business and damaging existing business opportunities.

## VI. CAUSES OF ACTION

### Claim 1. Declaratory Judgment of No Copyright Infringement

84.    Plaintiffs repeat and reallege paragraphs 1 through 83 as if fully set forth herein.

16

85.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiffs have not infringed and are not infringing Defendants' alleged rights in the Copyrighted Work.

86.    Plaintiffs are entitled to a judicial determination that Defendants have no protectable exclusive rights to the content in the Book or the well-known leadership and business principles formed by third parties notwithstanding Defendants' contrary assertions, in either contract or copyright, because such a determination is necessary and appropriate to resolve this controversy.

87.    Plaintiffs are entitled to a declaratory judgment that Plaintiffs actions and materials do not infringe, either directly or indirectly, any asserted copyright rights of Defendants under 17 U.S.C. § 101 *et seq.*

## Claim 2. Declaratory Judgment to Clarify the Scope of the Copyrighted Work

88.    Plaintiffs repeat and reallege paragraphs 1 through 87 as if fully set forth herein.

89.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Defendants' rights in the Copyrighted Work are limited in scope to the contents of what was submitted in the deposit with the Copyright Office, namely the text, photographs, and compilation of text and photographs therein as specified in the application, and does not extend beyond the deposit to include ideas, facts, concepts,

methods of operation, or short phrases or slogans that are in the public domain and/or are not shown in the deposit.

90.    A judicial determination that Defendants have no protectable exclusive rights to the content in the Book and well-known leadership and business principles formed by third parties incorporated in Paragraph 50, in either contract or copyright, is necessary and appropriate and would resolve this controversy.

91.    Plaintiffs are entitled to a declaratory judgment that Plaintiffs actions and materials do not infringe, either directly or indirectly, any copyright rights of Defendants under 17 U.S.C. § 101 *et seq.* and 17 U.S.C § 512.

## Claim 3. Misrepresentation Under 17 U.S.C. § 512(f).

92.    Plaintiffs repeat and reallege paragraphs 1 through 91 as if fully set forth herein.

93.    Upon information and belief, when submitting the DMCA Notification to TEDx, Defendants knew that any content that may have been contained in Plaintiffs' TEDx Talk did not infringe any copyrighted work belonging to Defendants, including but not limited to, U.S. Copyright Registration No. TX0009386834.

94.    Defendants are aware the Copyrighted Work does not encompass any of the material listed in Paragraph 50 or the "acid test."

95.    Accordingly, Defendants violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting that the content contained in Plaintiffs' TEDx Talk infringed Defendants' copyright.

96.    In *Lenz v. Universal Music Corp.*, 801 F.3d 1126 (9th Cir. 2015) the 9th Circuit made clear that to proceed with a takedown request in good faith, a copyright owner must evaluate whether the material makes fair use of the copyright.

97.    Upon information and belief, Defendant's counsel did not review Plaintiff's TEDx video prior to signing the DMCA Notification. See **Exhibit D**.

98.    Upon submitting the DMCA Notification, Defendant's counsel signed, under penalty of perjury, "I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law."

99.    As a direct and proximate result of Defendants' actions, Plaintiffs have been substantially and irreparably injured.   Such injury includes, but is not limited to, reputational damage resulting from Defendants' claims that Plaintiffs infringed upon their copyrighted work, lack of client conversion from use of video asset, and attorney's fees to combat the malicious and unfounded acts of the Defendant.

## Claim 4. Tortious Interference with Prospective Economic Advantage

100.    Plaintiffs repeat and reallege paragraphs 1 through 99 as if fully set forth herein.

101.    Defendants purposefully interfered with Plaintiffs' prospective business relations by materially misrepresenting to TEDx that Wachendorfer's TEDx Talk violated Defendants' intellectual property rights despite no copyright infringement of the alleged Copyrighted Work, and claim of ownership over methods and ideas that are not owned by Defendant, and Defendant's knowledge of Wachendorfer's right to use content in accordance with the LAG Intellectual Property Agreement.

102.    Plaintiffs have and will continue to sustain damage to its prospective business relations and advantages should Defendants continue to falsely allege to third parties that Plaintiffs infringe Defendants' Copyrighted Work.

103.    Plaintiffs are entitled to damages arising out of the actions of Defendant, reputational harm to the Plaintffs and interference with conversion of clients for Decision Reflex.

## Claim 5. Tortious Interference with Contract

104.    Plaintiffs repeat and reallege paragraphs 1 through 103 as if fully set forth herein.

105.    Defendants purposefully interfered with Plaintiffs' contract by removing Wachendorfer's TEDx Talk thereby breaching the LAG Intellectual Property Agreement which grants Wachendorfer a right to use the LAG Intellectual Property for personal use despite their knowledge the LAG Intellectual Property Agreement.

106.    Plaintiffs have and will continue to sustain damage to its prospective business relations and advantages should Defendants continue to breach the LAG Intellectual Property Agreement.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

A. Adjudging that Plaintiffs have not infringed and are not infringing, either directly or indirectly, any valid and enforceable copyright rights of Defendants pursuant to 17 U.S.C. § 101 *et seq.*;

B. Restraining and enjoining Defendants and each of its officers, directors, agents, counsel, servants, employees, and all other persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Plaintiffs have infringed on the Copyrighted Work and that Plaintiffs violated Defendants' intellectual property rights;

C. Declaring that U.S. Copyright Registration No. TX0009386834 is limited in scope as to what is included in the deposit provided to the Copyright Office, and does not extend to the material set forth in Paragraph 50;

D. Awarding Plaintiffs damages in an amount to be proven at trial under 17 U.S.C. § 512(f) and Minnesota common law.

E. Declaring Plaintiffs the prevailing party and this case as exceptional, and awarding Plaintiffs its reasonable attorneys' fees under 17 U.S.C. § 512(f);

F. Awarding Plaintiffs all fees, expenses, and costs associated with this action; and

G. Awarding such other and further equitable, legal, or additional relief as this Court deems just and proper.

**VIII. JURY DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

DATED this 7th day of April, 2025.          Respectfully submitted,

                                            TM SULLIVAN PLLC

                                            */s/ Timothy M. Sullivan*
                                            Timothy M. Sullivan
                                              tim@tmsull.com
                                            Minnesota Attorney Reg. No. 0391528
                                            (773) 919-8667
                                            225 South Sixth Street, Suite 3900
                                            Minneapolis, MN 55402

                                            STUDIOIP LAW, LLC
                                            Jessie L. Pellant (motion for admission
                                            *pro hac vice* forthcoming)
                                              jpellant@studioiplaw.com
                                            Colorado Attorney Reg. No. 42096
                                            Vincent Merenda (motion for admission
                                            *pro hac vice* forthcoming)
                                              vmerenda@studioiplaw.com
                                            Colorado Attorney Reg. No. 60774

                                            3000 Lawrence Street
                                            Denver, CO 80205

                                            *Attorneys for Plaintiffs* Charles F.
                                            Wachendorfer Consulting Group LLC
                                            D/B/A Decision Reflex Consulting, and
                                            Charles "Chuck" Wachendorfer