# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Charles F. Wachendorfer Consulting Group LLC, d/b/a Decision Reflex Consulting, and Charles "Chuck" Wachendorfer, | ) ) ) ) | Case No. 25-cv-1298 (PJS/EMB) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Think2Perform Exam Services Co. f/k/a THINK2PERFORM, Inc., Doug Lennick, and THINK2PERFORM, Inc., | ) ) ) ) | |
| Defendants. | ) | |

---

## DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

COZEN O'CONNOR

Melanie A. Miller (*Pro Hac Vice*)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215.665.2714
mmiller@cozen.com

Heather L. Marx (#321163)
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone:  612.260.9004
hmarx@cozen.com

*Counsel for Defendants Think2Perform Exam Services Co., Think2Perform, Inc. and Doug Lennick*

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT ........................................................................................................ 2

      A.    Decision Reflex's Previous Failure to Voluntarily Dismiss Exam
            Services. ....................................................................................................... 2

      B.    The Scope of '834 Registration is Irrelevant to Disposition of the
            Subject Motion. .......................................................................................... 3

      C.    Decision Reflex Misrepresents Think2Perform's Arguments, and
            Fails to Present Any Authority That Supports Holding Lennick
            Individually Liable. ..................................................................................... 5

      D.    Decision Reflex Fails to Establish it Has a Real and Reasonable
            Apprehension of Future Liability Sufficient to Establish an Actual
            Controversy Required for Declaratory Judgment Claims. ........................... 8

      E.    Decision Reflex Cannot Rely on Unpled Allegations to Circumvent
            Preemption of its Tortious Interferences Claims. ....................................... 9

III.    CONCLUSION .................................................................................................... 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AFC Realty Cap., Inc. v. Dale*,
No. 218CV02389MCEEFB, 2019 WL 1532364 (E.D. Cal. Apr. 9,
2019) ........................................................................................................................ 11

*Diagnostic Unit Inmate Council v. Motion Picture Assoc. of Am.*,
953 F.2d 376 (8th Cir. 1992) ............................................................................... 9

*Gen. Motors LLC v. Dorman Products, Inc.*,
15-12917, 2016 WL 5661578 (E.D. Mich. Sept. 30, 2016) ........................... 3

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F2d 1542 (9th Cir. 1989) .............................................................................. 8

*HealthPartners, Inc. v. Am. Guarantee & Liab. Ins. Co.*,
587 F. Supp. 3d 874 (D. Minn. 2022) ............................................................... 11

*Imposter Pastor Movie, LLC v. Oliver*,
No. 5:24-CV-00115-M, 2025 U.S. Dist. LEXIS 47424 (E.D.N.C. Mar
14, 2025) ................................................................................................................. 11

*MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*,
730 F. Supp. 3d 740 (N.D. Ill. 2024) ............................................................... 11

*Minn. Power v. Armco, Inc.*,
937 F.2d 1363 (8th Cir. 1991) ............................................................................ 7

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*,
No. 1:17-CV-1973, 2019 WL 11025902 (N.D. Ill. June 21, 2019)............... 3

*Murrin v. Fisher*,
Civ. No. 07–1295, 2008 WL 540857 (D. Minn. Feb. 24, 2008) ................... 7

*Oskar Systems, LLC v. Club Speed, Inc.*,
745 F. Supp. 2d 1155 (C.D. Cal. 2010) ............................................................ 7

*Rockney v. Blohorn*,
877 F.2d 637 (8th Cir. 1989) .............................................................................. 7

*United States v. Martin*,
337 F.2d 171 (8th Cir. 1964) .............................................................................. 7

*Victoria Elevator Co. v. Meriden Grain Co.*,
    283 N.W.2d 509 (Minn. 1979) ........................................................................ 7

*Xerox Corp. v. Apple Computer, Inc.*,
    734 F. Supp. 1542 (N.D. Cal. 1990) ......................................................... 8, 9

**Statutes**

17 U.S.C. § 106 ...................................................................................................... 10

17 U.S.C. § 301(a) .................................................................................................. 10

Copyright Act, 17 U.S.C. §§ 102 and 103 ............................................................. 10

Declaratory Judgment Act ........................................................................................ 9

Digitial Millennium Copyright Act § 512(f) ................................................ *passim*

Employee Retirement Income Security Act of 1974 (ERISA) ................................ 7

**Other Authorities**

FRCP 12(b)(1) .......................................................................................................... 2

FRCP 12(b)(6) ................................................................................................... 2, 11

Defendants Think2Perform Exam Services Co. ("Exam Services"), Doug Lennick ("Lennick"), and Think2Perform, Inc. ("Inc.") (collectively, "Think2Perform"), through their undersigned attorneys, Cozen O'Connor, submit this Reply in support of their Partial Motion to Dismiss (ECF No. 28) (the "Motion") the May 27, 2025 First Amended Complaint ("FAC") filed by Plaintiffs Charles F. Wachendorfer Consulting Group LLC d/b/a Decision Reflex Consulting and Charles "Chuck" Wachendorfer ("Wachendorfer") (collectively, "Decision Reflex"), and in response to Decision Reflex's Opposition to the Motion (ECF No. 33) (the "Opposition").

## I.    INTRODUCTION

Decision Reflex's Opposition reflects a transparent effort to divert this Court from the dispositive legal deficiencies in the FAC by focusing on peripheral disputes that have no bearing on the sufficiency of the pleadings and proffering unpled allegations which purportedly support its claims.  Decision Reflex's only justification for suing Lennick in his personal capacity appears to be that Lennick possesses knowledge relevant to this dispute.  This feeble argument is wholly insufficient to assert individual liability against Lennick, and all claims against him must be dismissed.  Next, in a blatant attempt to circumvent the Copyright Act's clear preemption of its tortious interference claims, Decision Reflex manufactures various groundless and unpled allegations.  The law is clear that this Court cannot consider unpled allegations in deciding a 12(b)(6) motion to dismiss and, further, because Decision Reflex's tortious interference claims rely solely on the DMCA takedown notice ("DMCA Notification"), they are expressly preempted by federal copyright law and must be dismissed.  Decision Reflex's final argument, that

1

there is a justiciable case or controversy sufficient to support its declaratory judgment claims, is similarly meritless.  In making this argument, Decision Reflex ignores the fact that Think2Perform *withdrew* the DMCA Notification prior to this action being initiated, and that TEDx reinstated the talk at issue.  Moreover, the predominantly non-precedential cases on which Decision Reflex relies are irrelevant and readily distinguishable, as they involved *ongoing* production of infringing products.  Decision Reflex cites no authority holding that a withdrawn DMCA takedown notice and a prior cease-and-desist letter— the sole bases of the declaratory judgment counts here—create an active, justiciable controversy giving rise to a real and reasonable apprehension of liability.  For the reasons set forth herein and in Think2Perform's Motion, Think2Peform respectfully requests that the Court dismiss Lennick from this case, dismiss Decision Reflex's tortious interference claims (Claims 4 and 5) pursuant to FRCP 12(b)(6), and dismiss Decision Reflex's declaratory judgment claims (Claims 1 and 2) pursuant to FRCP 12(b)(1).

## II.    ARGUMENT

### A.    Decision Reflex's Previous Failure to Voluntarily Dismiss Exam Services.

In its Opposition, for the first time, Decision Reflex agrees that the FAC failed to state a claim against Exam Services, and "acknowledges" that Exam Services should be dismissed from this action.  *See* Opposition, p. 27.  While Think2Perform accepts this belated acknowledgment, it is important for this Court to note that Decision Reflex was previously advised of the misjoinder of Exam Services, and refused to voluntarily dismiss it from this case.  Instead, Decision Reflex attempted to justify the inclusion of Exam

Services, an unfunded subsidiary company with no employees, which required

Think2Perfom to needlessly incur additional fees briefing this argument in its motion

papers.  Such gamesmanship is contrary to both the letter and spirit of the Federal Rules

of Civil Procedure and the purposes of the meet and confer requirement.

> **B.    The Scope of '834 Registration is Irrelevant to Disposition of the Subject Motion.**

Decision Reflex spends a significant portion of its Opposition discussing the scope

of Think2Perform's copyright registration (Reg. No. TX0009386834) (the "'834

Registration"), arguing that certain elements should not be protected because they did not

appear in the deposit copy.  *See* Opposition, p. 13-15.  However, the scope of the '834

Registration is not at issue.  Indeed, the issues for the Court's consideration are: 1) if

Lennick is properly named as a defendant; 2) whether Decision Reflex's common law

claims are preempted by federal copyright law; and 3) if Decision Reflex has standing to

bring its declaratory judgment claims.  The scope of the '834 Registration is irrelevant to

every one of these issues, and Decision Reflex fails to explain how its scope is germane

to the issues at hand.  Introducing this argument is but an apparent attempt to distract this

Court by presenting factual disputes outside of the pleadings which have no bearing on

the sufficiency of Decision Reflex's claims.  Nor are such factual disputes appropriately

decided on a motion to dismiss.  *See, e.g, Motorola Sols., Inc. v. Hytera Commc'ns Corp.*

*Ltd.,* No. 1:17-CV-1973, 2019 WL 11025902, at *3 (N.D. Ill. June 21, 2019) ("Hytera's

attempt to dissect the scope of the copyright registration is a fact-based inquiry that need

not be resolved at the pleading stage."); *Gen. Motors LLC v. Dorman Products, Inc.*, 15-

12917, 2016 WL 5661578, at *5 (E.D. Mich. Sept. 30, 2016) ("[M]atters bearing on the copyrightability of Plaintiffs' software need not be addressed at the pleading stage, where 'the originality and non-functionality of [Plaintiffs'] work[s] ... are presumptively established by the copyright registration[s]' for these works.").

In the Opposition, Decision Reflex also repeatedly references and makes allegations concerning the book entitled *Don't Wait for Someone Else to Fix It: 8 Essentials to Enhance Your Leadership Impact at Work, Home, and Anywhere Else That Needs You* (referenced in the FAC at ¶ 27, Exhibit A), and the purported use of the phrase "acid test". These references are similarly irrelevant. As set forth in the Motion, Think2Perform disputes the accuracy of Decision Reflex's allegations concerning this book and the characterizations thereof. However, the book has no bearing on the issues presented in the Motion. Again, Think2Perform does not seek an adjudication of its copyright rights; rather, it asks the Court only to evaluate whether the FAC satisfies federal pleading standards.

Moreover, Decision Reflex states multiple times that Think2Perform is attempting to "weaponize the copyright legal system" (Opposition, p. 7), and that Think2Perform is suing based on copyright rights they do not possess (Opposition, p. 14). First, these unfounded assertions are not under consideration via the present Motion. Next, these statements are both false and illogical, as Decision Reflex is the entity using the "copyright legal system", as they are suing Think2Perform – not the other way around. Indeed, Think2Perform has not filed suit against Decision Reflex and, notably, withdrew the DMCA Notification weeks before Decision Reflex initiated this action. Therefore,

these claims are nonsensical, and represent but another attempt to distract this Court from the issues present in the Motion.

### C. Decision Reflex Misrepresents Think2Perform's Arguments, and Fails to Present Any Authority That Supports Holding Lennick Individually Liable.

Decision Reflex argues that Lennick is a proper party in this action because the claims against him arise from his personal and "subjective knowledge". *See* Opposition, p. 15-16. As an initial matter, Decision Reflex fundamentally misunderstands and misstates Think2Perform's argument related to dismissing Lennick in his personal capacity. Decision Reflex contends that Think2Perform's position is that "the only way to hold Lennick liable for any of the claims…is to pierce the corporate veil." *See* Opposition, p. 15. This assertion is wrong. Nor has it been presented to this Court for its consideration. To the contrary, in its Motion, Think2Perform maintains that the FAC's threadbare, conclusory allegations are insufficient to plead individual liability against Lennick and that, to the extent Decision Reflex *also* attempts to pierce the corporate veil, it failed to include essential allegations necessary for such a claim.

Regardless, Decision Reflex maintains that it is not required to pierce the corporate veil to maintain the claims against Lennick because Lennick has "personal, objective knowledge" of relevant facts. *See* Opposition, p. 16 ("…no such veil piercing is required because Lennick has personal, subjective knowledge…"; describing Lennick's knowledge as "significant"; stating the claims involve Lennick's "personal knowledge"). Decision Reflex cites no authority – nor can it – that supports its legally tenuous argument that Lennick's supposed "knowledge" of relevant facts is sufficient to bring

these claims against him individually. In nearly every civil litigation, corporate officers and directors have knowledge of relevant facts. However, they cannot be personally sued simply because they hold relevant knowledge. Indeed, this is exactly what the corporate form protects against. If Decision Reflex is interested in Lennick's knowledge of the underlying issues, they are welcome to subpoena his deposition. However, he should not be a named defendant, and Decision Reflex cannot maintain the claims against him simply because he may possess relevant knowledge.

The standard is clear – to hold Lennick personally liable, the FAC needs to allege he personally engaged in tortious conduct, not simply knew about relevant underlying facts. Decision Reflex fails to argue that Lennick *personally undertook* any actions that would result in his liability to Decision Reflex. In the Opposition, Decision Reflex states that Lennick asserted a copyright registration by way of the DMCA Notification and cease-and-desist letters. *See* Opposition, p. 13. However, this is a material misrepresentation. As clearly outlined in Think2Perform's Motion, the copyright registration at issue (Reg. No. TX0009386834) is owned by Inc., not Lennick. Moreover, the cease and desist letters sent to Decision Reflex were on behalf of Inc., not Lennick individually, and the DMCA Notification to TEDx at issue in this matter was sent on behalf of Inc., not Lennick personally.

Next, in contravention of its claim that piercing the corporate veil is not necessary to sue Lennick in his individual capacity, Decision Reflex also asserts that filing and enforcing the subject copyright registration is somehow "open[ing] the door to fraud"

which allows piercing of the corporate veil.[1]  *See* Opposition, p. 18.  This argument is

illogical.  Again, Lennick himself did not file the copyright, nor did he enforce it – Inc.

did.  Moreover, there is nothing to suggest these actions were fraudulent.[2]  Indeed, if

Decision Reflex genuinely believed them to be, it would have included a claim for fraud

in the pleadings, which it did not.  In reality, the FAC is completely devoid of any

allegations that Lennick was attempting to use Inc. to accomplish a fraudulent purpose.

*See Murrin v. Fisher*, Civ. No. 07–1295, 2008 WL 540857, at *22 (D. Minn. Feb. 24,

---

[1]    Decision Reflex ignores the standard for piercing the corporate veil in Minnesota, which requires an analysis of whether: 1) the corporation functioned as the mere instrumentality of the principal a party is attempting to reach by piercing the corporate veil; and 2) whether injustice or fundamental unfairness would occur if the corporate veil were left intact. *See*, *e.g., Victoria Elevator Co. v. Meriden Grain Co.,* 283 N.W.2d 509, 512 (Minn. 1979); *Minn. Power v. Armco, Inc.,* 937 F.2d 1363, 1367 (8th Cir. 1991). Decision Reflex presents no analysis as to these factors.

[2]    Decision Reflex relies upon a California case for the proposition that filing and enforcing the subject copyright is wrongful conduct that would open the door to fraud. *See Oskar Systems, LLC v. Club Speed, Inc.*, 745 F. Supp. 2d 1155 (C.D. Cal. 2010). However, this case was not dealing with piercing the corporate veil, nor was it dealing with any analogous facts.  Instead, the court in *Oskar Systems* was analyzing whether a certain copyright registration properly encompassed the preexisting work that formed the basis for the lawsuit.  *See id*.  Therefore, this case has no relevance to the subject dispute of whether Lennick can be held personally liable.  Decision Reflex's reliance upon *Rockney v. Blohorn* for the proposition that corporate officers are held individually liable for their own wrongful conduct is similarly misplaced. There, the court was examining corporate liability under the Employee Retirement Income Security Act of 1974 (ERISA), and held that corporate officers could be held personally liable under ERISA specifically, even though the corporate veil was not pierced.  *See Rockney v. Blohorn*, 877 F.2d 637 (8th Cir. 1989).  Because ERISA has no relevance to this dispute, reliance on this case is misplaced.  *United States v. Martin* similarly fails to support Decision Reflex, as that case explained that the corporate entity will only be disregarded in the most extreme circumstances, and held that there was no basis to disregard the corporate entity.  *See United States v. Martin*, 337 F.2d 171 (8th Cir. 1964).  Perhaps Decision Reflex meant to cite to another case, as the quote included in the Opposition does not appear anywhere in this decision.

2008) (explaining that, in order to survive a motion to dismiss, a plaintiff must "provide the Defendants with notice as to the theory on which they plan to proceed, and of their intent to pierce the corporate veil."). The FAC did not provide any notice whatsoever that Decision Reflex was intending to pierce the corporate veil, or upon what theory it planned to do so. Indeed, as stated by Decision Reflex in its own Opposition, it never intended to pierce the corporate veil. *See* Opposition, p. 16. Decision Reflex failed to plead any facts which would justify suing Lennick in his individual capacity and, as such, all counts against Lennick should be dismissed.

D.    **Decision Reflex Fails to Establish it Has a Real and Reasonable Apprehension of Future Liability Sufficient to Establish an Actual Controversy Required for Declaratory Judgment Claims.**

Decision Reflex argues that they have standing to bring the declaratory judgment claims (Claims 1 and 2) because Think2Perform's prior cease and desist letters and the DMCA Notification create a "justiciable case or controversy". *See* Opposition, p. 20. In support of this argument, Decision Reflex cites several, mostly non-precedential cases. However, these can be easily distinguished from the present facts. First, *Xerox Corp.* and *Hal Roach Studios, Inc.* are inapposite, as the plaintiffs there were engaged in the ongoing production of the allegedly copyrighted item. *See Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1546 (N.D. Cal. 1990); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F2d 1542, 1556 (9th Cir. 1989). Specifically in the context of ongoing production of an item at issue, the courts explained that a showing of apprehension need not be substantial. *See id.* However, even under this relaxed standard, the Court in *Xerox Corp.* ultimately found that the plaintiff failed to allege its

8

apprehension was reasonable, and thus found it did not justify declaratory relief. *See*

*Xerox Corp.,* 734 F. Supp. at 1547. Decision Reflex's reliance on *Diagnostic Unit*

*Inmate Council* is similarly misplaced, as that case dealt with inmates of the Arkansas

Department of Correction's requests for declaratory relief against the Motion Picture

Association of America. *Diagnostic Unit Inmate Council v. Motion Picture Assoc. of*

*Am.*, 953 F.2d 376, 378 (8th Cir. 1992). No DMCA takedown notice was at issue in that

case. Here, it remains clear that the "controversy" complained of by Decision Reflex –

the removal of the TEDx talk – was already resolved. Therefore, the declaratory relief

that Decision Reflex seeks would only insulate it from a possible future risk of

infringement, which is exactly what Article III and the Declaratory Judgment Act

prohibits.[3]

### E.    Decision Reflex Cannot Rely on Unpled Allegations to Circumvent Preemption of its Tortious Interferences Claims.

In attempting to argue that its tortious interference claims are not preempted,

Decision Reflex states that "the core issue is that [Think2Perform has] used their position

to assert rights they do not possess." Opposition, p. 24. Indeed, Decision Reflex

repeatedly references Think2Perform's "belief" as to whether Decision Reflex's actions

infringed their copyright rights, and whether Think2Perform can assert such copyright

rights. *See* Opposition, p. 24-25. Decision Reflex also spends a significant portion of

this section of its Opposition again discussing the scope of Think2Perform's rights. *See*

---

[3]    Again, Decision Reflex's repeated arguments concerning the jointly-authored book, a supposed assignment, and use of the term "acid test" are completely irrelevant to the issues presented in Think2Perform's Motion.

*id*.  By doing so, Decision Reflex inadvertently admits that the dispute hinges on allegations of copyright rights, and Think2Perform's prior attempts to enforce such rights.  This is exactly what the Copyright Act preempts.  *See* 17 U.S.C. § 301(a) (explaining that the Copyright Act preempts claims that (1) are based upon works that fall within the purview of the Copyright Act, 17 U.S.C. §§ 102 and 103, and (2) seek to vindicate any of the rights protected under 17 U.S.C. § 106).

Decision Reflex also somehow asserts that the "issue is not simply the DMCA takedown notice or the cease-and-desist letters in isolation amount to tortious interference."  *See* Opposition, p. 24.  However, the DMCA Notification is indeed the only issue underlying the tortious interference claims.  As set forth in the Motion, the only complained-of conduct in these two claims is the DMCA Notification.  The FAC solely alleges that Inc. interfered with Decision Reflex's prospective business relations as a result of Inc.'s DMCA Notification to TEDx and TEDx's subsequent removal of the Wachendorfer TEDx Talk.  *See* FAC ¶¶ 102 ("Defendants purposefully interfered with Plaintiffs' prospective business relations by materially misrepresenting to TEDx that Wachendorfer's TEDx Talk violated Defendants' intellectual property rights…"), 106 ("Defendants purposefully interfered with Plaintiffs' contract by removing Wachendorfer's TEDx Talk…").  The FAC is devoid of any other allegations of tortious conduct by either Inc. or Lennick which interfered with Decision Reflex's prospective economic advantage or contract.  Again, Decision Reflex cannot rely on unpled facts to support its tortious interference claims, particularly since the FAC clearly reflects that the bases for the preempted counts were expressly limited to the DMCA Notification.  Nor

can this Court consider extraneous allegations when determining the sufficiency of these claims. *See, e.g., HealthPartners, Inc. v. Am. Guarantee & Liab. Ins. Co.,* 587 F. Supp. 3d 874, 878 (D. Minn. 2022) (explaining that courts will not consider matters outside of the pleadings on a motion to dismiss); *AFC Realty Cap., Inc. v. Dale,* No. 218CV02389MCEEFB, 2019 WL 1532364, at *3 (E.D. Cal. Apr. 9, 2019) ("Facts newly alleged in response to a motion to dismiss do not bear on the merits of that motion, and a court *may not* look beyond the complaint to a plaintiff's moving papers in ruling on a Rule 12(b)(6) motion.") (internal citation omitted).   Because these claims are based solely on the DMCA Notification and are therefore preempted, Claims 4 and 5 should be dismissed with prejudice.[4]

## III.   **CONCLUSION**

For the reasons set forth herein and in the Motion to Dismiss, Think2Perform respectfully requests that the Court grant its Partial Motion to Dismiss.

Respectfully submitted,

---

[4]    Notably, Decision Reflex failed to cite any authority to contradict the myriad of caselaw presented in Think2Perform's Motion evidencing that state law claims (including tortious interference claims) that conflict with the DMCA are preempted by 512(f). Decision Reflex's attempt to rely on two non-precedential cases from North Carolina and Illinois is misplaced, as neither case examined preemption whatsoever. *See Imposter Pastor Movie, LLC v. Oliver*, No. 5:24-CV-00115-M, 2025 U.S. Dist. LEXIS 47424 (E.D.N.C. Mar 14, 2025); *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, 730 F. Supp. 3d 740, 755 (N.D. Ill. 2024).

Dated:  August 1, 2025                    **COZEN O'CONNOR**


By:     /s/*Melanie A. Miller*
        Heather L. Marx (#321163)
        33 South Sixth Street, Suite 3800
        Minneapolis, MN 55402
        Telephone:  612.260.9004
        Email: hmarx@cozen.com

        Melanie A. Miller (*pro hac vice*)
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        Telephone: 215.665.2714
        Email: mmiller@cozen.com

        *Counsel for Defendants Think2Perform*
        *Exam Services Co., Think2Perform, Inc.*
        *and Doug Lennick*